UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

Megal Lamont Barnett

Case No.  20-20338

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☑ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☑ Time served.

If the defendant's sentence is reduced to time served:

    ☑ This order is stayed for up to SEVEN days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

    a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than SEVEN days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

 ☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☑ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

 ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☑ The defendant's previously imposed conditions of supervised release are modified as follows:

See addendum

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☐ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)

See addendum

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                          s/Terrence G. Berg
                                          UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**MEGAL LAMONT BARNETT**,<br><br>Defendant. | 2:20-cr-20338-TGB-RSW-1<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 35)** |

On December 8, 2023, Megal Barnett filed a motion seeking compassionate release, under 18 U.S.C. § 3582(c)(1)(A). ECF No. 35. The government responded opposing early release on January 8, 2024. ECF No. 44. After reviewing the motion, response, reply, and Barnett's health records attached as exhibits under seal, the Court **GRANTS** the motion for compassionate release.

## I.   BACKGROUND

Barnett is a 50-year-old man who was sentenced to 100 months in prison followed by a three-year term of supervised release for three counts of bank robbery. ECF No. 31, PageID.222–24. The sentencing judge was the late Honorable Arthur J. Tarnow. According to the Bureau of Prisons ("BOP"), his release date is November 28, 2027, and he is currently incarcerated at Butner FMC in Butner, North Carolina.

1

## II.   LEGAL STANDARD

After the defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must find the existence of "extraordinary and compelling reasons" warranting the reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Second, the Court must find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Third, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors account for the defendant's recidivism risk, danger to the public, seriousness of the offense, and how to provide the defendant with "medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D).

### III. DISCUSSION

This motion seeks compassionate release from prison based on the claim that Barnett is suffering from a serious terminal illness. ECF No. 35.

#### A. Exhaustion Requirement

The Government concedes that Barnett satisfied the First Step Act's exhaustion requirement for his terminal illness.

#### B. Extraordinary and Compelling Circumstances

Both parties are in accord that Barnett's Stage IV colon cancer, with developed liver metastases, is a terminal illness, and that such a condition meets the definition of "extraordinary and compelling circumstances." U.S.S.G. § 1B1.13(b)(1)(A).

#### C. 18 U.S.C. § 3553(a) Factors

Under *Pepper v. United States*, 562 U.S. 476 (2011), the Court must consider post-offense developments under § 3553(a), which provide "the most up-to-date picture" of a prisoner's history and characteristics and "sheds light on the likelihood that he will engage in future criminal conduct." *Id.* at 492, 491. The government's overarching argument is that Barnett presents a risk of recidivism. Two recent events represent new kinds of characteristics of the defendant that must be considered in evaluating this motion.

First, in October 2023, Barnett was diagnosed with Stage IV colon cancer and was informed he had 12 months to live. He is therefore not

3

expected to live long enough to complete his 100-month sentence, according to the "Reduction in Sentence Medical Review" prepared by Dr. Martin S. Tindal. ECF No. 45 (under seal). The government concedes that Barnett's diagnosis was not known at the time of his sentencing, and he was not aware of it until he began testing while in custody after experiencing bowel issues starting in April 2022. ECF No. 44, PageID.565. He is also facing mental health challenges and fatigue related to his treatment. The Court does not doubt that the BOP's medical staff is providing adequate care for Barnett, as the warden's memo and treating physician's request in support of his motion make clear.

Second, after his sentencing for this case, Barnett pleaded guilty to two state sex offenses. As a result of those convictions, he is on lifetime probation by Arizona and under supervision by Michigan's Sex Offender Registry. Both cases involved Barnett's conduct with his stepdaughter. ECF No. 44, PageID.563. The government contends that these offenses raise additional concerns regarding both possible recidivism and protection of the community. Such concerns are not without some justification, because these offenses represent a different kind of criminal activity, and one that involves a minor victim, unlike the bank robbery crimes underlying Barnett's conviction in this case. Also, the government objects based on the nature of Barnett's criminal history for bank robberies, pointing out that he had a 1997 bank robbery conviction for

4

which he received 10 years, and then second bank robbery conviction in 2007—committed only months after being released from the first sentence—for which he received a five-year prison term.

In considering the § 3553 factors of protecting the community and providing for a just punishment, the Court recognizes that Barnett's history raises concerns of possible recidivism. However, such concerns can be adequately mitigated by requiring the conditions of home confinement, location monitoring, and a prohibition on unsupervised visits with any minors. The Court is confident that the Probation Department will be able to supervise Barnett effectively in a manner that will adequately protect the community. The same is true regarding Barnett's need for psychiatric counseling: such treatment can be made a condition of his release. Having considered all the relevant § 3553 factors, the Court concludes that they do not preclude Barnett's early release.

Although the government contends that Barnett's "functionality" will decrease with the progression of his disease, and that release at a later time might therefore be justified, the Court does not believe that compassionate release should be available only to those who are so sick they are no longer able to function. The record here is undisputed that, as of October 2023, Barnett was diagnosed with end-stage colon cancer, a terminal disease expected to take his life within 12 months. Nearly three of those months have since passed. As Barnett points out, he is essentially asking to be released so that he may die at home with family

5

rather than in prison. The Court finds that Barnett is entitled to compassionate release.

Because the risk of recidivism can be adequately mitigated with appropriate release conditions, the motion under 18 U.S.C. § 3582(c)(1)(A) is hereby **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **GRANTED**. Defendant's sentence of imprisonment is **REDUCED** to time served. This Order will be **STAYED** for seven days, to allow the Bureau of Prisons to execute its terms in an orderly fashion. Barnett is to be released to begin serving his three-year period of supervised release with conditions including home confinement at his mother's home with the following special conditions, in addition to previously imposed conditions:

- He must successfully complete any sex offender diagnostic evaluations, treatment, or counseling programs as directed by the probation officer. Reports pertaining to sex offender assessments and treatment shall be provided to the probation officer. Based on his ability to pay, he shall pay the cost of diagnostic evaluations, treatment, or counseling programs in an amount determined by the probation officer.
- He must not have direct contact with any child he knows or reasonably should know to be under the age of 18, (including/not including) his own children, without the permission of the probation officer. If he does have any direct contact with any child he knows or reasonably should know to be under the age of 18, (including/not including) his own children, without the permission of the probation officer, he must report this contact to the probation officer within

24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

- He will be monitored by the Global Positioning Satellite (GPS) component of the location monitoring technology for a period of up to 1095 consecutive days, and he must follow the rules and regulations of the location monitoring program. The cost of the location monitoring is waived. The individual shall abide by a curfew set by the probation officer.

**IT IS SO ORDERED.**

Dated: January 19, 2024   /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE